MICHAEL FAILLACE ESQ.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
MARGARITO MENDEZ LOPEZ, RAFAEL
CAMPOS, and JESUS RAMIREZ SALAZAR,
*individually and on behalf of others similarly
situated,*

                           *Plaintiffs*,

               -against-

101 W 55 REST INC.  (D/B/A ASTRO
RESTAURANT), and MIRON AVERHIOU,

                      *Defendants.*
-------------------------------------------------------X

                          **COMPLAINT**

         **COLLECTIVE ACTION UNDER**
             **29 U.S.C. § 216(b)**

                  **ECF Case**

Plaintiffs Margarito Mendez Lopez, Rafael Campos, and JESUS RAMIREZ SALAZAR, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace Esq., upon their knowledge and belief, and as against 101 W 55 REST Inc. (d/b/a Astro Restaurant), ("Defendant Corporation"), and Miron Averhiou, ("Individual Defendant "), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.     Plaintiffs are current and former employees of Defendants 101 W 55 REST Inc. (d/b/a Astro Restaurant), and Miron Averhiou.

2.    Defendants own, operate, or control a restaurant , located at 1361 Sixth Avenue, New York, NY 10019 under the name "Astro Restaurant".

3.    Upon information and belief, individual Defendant Miron Averhiou, serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the restaurant  as a joint or unified enterprise.

4.    Plaintiffs have been employees of Defendants.

5.    Plaintiffs have been employed as food preparers, dishwasher/delivery worker and cooks, at the restaurant  located at 1361 Sixth Avenue, New York, NY 10019.

6.    At all times relevant to this Complaint, Plaintiffs have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they have worked.

7.    Rather, Defendants have failed to maintain accurate recordkeeping of their hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.    Further, Defendants have failed to pay Plaintiffs the required "spread of hours" pay for any day in which they have worked over 10 hours per day.

9.    Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

10.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a restaurant located in this district.  Further, Plaintiffs have been employed by Defendants in this district.

## PARTIES

*Plaintiffs*

15.     Plaintiff Margarito Mendez Lopez ("Plaintiff Lopez" or "Mr. Lopez") is an adult individual residing in Bronx County, New York.   Plaintiff Lopez has been employed by

Defendants at Astro Restaurant from approximately 1988 until on or about March 2020 and from approximately March 2021 until the present date.

16.     Plaintiff Rafael Campos ("Plaintiff Campos" or "Mr. Campos") is an adult individual residing in Bronx County, New York.   Plaintiff Campos has been employed by Defendants at Astro Restaurant from approximately 2009 until on or about March 20, 2020, and from approximately March 2021 until the present date.

17.     Plaintiff Jesus Ramirez Salazar ("Plaintiff Ramirez" or "Mr. Ramirez ") is an adult individual residing in Bronx  County, New York.  Plaintiff Ramirez was employed by Defendants at Astro Restaurant from approximately 2018 until on or about March 2020 and from approximately March 2021 until on or about August 2023.

<em>Defendants</em>

18.     At all relevant times, Defendants have owned, operated, or controlled a restaurant , located at 1361 Sixth Avenue, New York, NY 10019under the name "Astro Restaurant".

19.     Upon information and belief, 101 W 55 REST Inc. (d/b/a Astro Restaurant) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1361 Sixth Avenue, New York, NY 10019.

20.     Defendant Miron Averhiou is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Miron Averhiou is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Miron Averhiou possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the

schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

21.     Defendants operate a restaurant  located in the Midtown West  section of Manhattan in New York City.

22.     Individual Defendant, Miron Averhiou, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possesses substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employ Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

27.     Upon information and belief, Individual Defendant , Miron Averhiou operates Defendant Corporation as either an alter ego of  himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed corporation,

f)  intermingling assets and debts of his own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

28.     At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.  Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

29.     In each year from 2019 to the present, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.     In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the restaurant  on a daily basis are goods produced outside of the State of New York.

### Individual Plaintiffs

31.     Plaintiffs are current and former employees of Defendants who have been employed as food preparers, dishwasher/delivery worker and cooks.

32.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### Plaintiff Margarito Mendez Lopez

33.     Plaintiff Lopez has been employed by Defendants from approximately 1988 until on or about March 2020 and from approximately March 2021 until the present date.

34.     Defendants have employed Plaintiff Lopez as a cook.

35.     Plaintiff Lopez has regularly handled goods in interstate commerce, such as foods and other supplies produced outside the State of New York.

36.     Plaintiff Lopez's work duties have required neither discretion nor independent judgment.

37.     Throughout his employment with Defendants, Plaintiff Lopez has regularly worked in excess of 40 hours per week.

38.     From approximately January 2019 until on or about March 2020, Plaintiff Lopez worked as a cook  from approximately 8:00 p.m. until on or about 6:00 a.m., Sundays through Fridays  (typically 60  hours per week).

39.     From approximately March 2021 until the present date, Plaintiff Lopez has worked from approximately 6:00 p.m. until on or about 4:00 a.m., Sundays through Fridays (typically 60 hours per week).

40.     From approximately January 2019 until on or about December 2021, Defendants paid Plaintiff Lopez his wages in cash.

41.     From approximately January 2022 until the present date, defendants have paid Plaintiff Lopez his wages by check for his straight hours and in cash for some of his overtime hours.

42.     From approximately January 2019 until on or about March 2020, Defendants paid Plaintiff Lopez a fixed salary of $500.00 per week.

43.     From approximately March 2021 until on or about November 2021, Defendants paid Plaintiff Lopez a fixed salary of $660.00 per week.

44.     From approximately November 2021 until on or about December 2023, Defendants paid Plaintiff Lopez $15.00 per hour and $250 for his overtime hours.

45.     From approximately January 2024 until on or about July 2024, Defendants paid Plaintiff Lopez $16 per hour for his firs 40 hours and $250 for his overtime hours.

46.     From approximately August 2024 until the present date, Defendants have paid Plaintiff Lopez $16.00 per hour for his first 40 hours and $220.00 to $240 for his overtime hours.

47.     Although Defendants have granted Plaintiff Lopez one hour meal period, he is constantly required to skip these breaks because he is the only person available to perform the duties of his job.

48.     Plaintiff Lopez has not been required to keep track of his time, nor to his knowledge, have Defendants utilize any time tracking device such as punch cards, that accurately reflect his actual hours worked.

49.    No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Lopez regarding overtime and wages under the FLSA and NYLL.

50.    Defendants have never provided Plaintiff Lopez an accurate statement of wages, as required by NYLL 195(3).

51.    Defendants have never given any notice to Plaintiff Lopez, in English and in Spanish (Plaintiff Lopez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Rafael Campos*

52.    Plaintiff Campos has been employed by Defendants from approximately 2009 until on or about March 2020 and from approximately March 2021 until the present date.

53.    Defendants have employed Plaintiff Campos as a dishwasher and delivery worker.

54.    Plaintiff Campos has regularly handled goods in interstate commerce, such as foods and other supplies produced outside the State of New York.

55.    Plaintiff Campos's work duties have required neither discretion nor independent judgment.

56.    Throughout his employment with Defendants, Plaintiff Campos has regularly worked in excess of 40 hours per week.

57.    From approximately January 2019 until on or about March 2020 and from approximately March 2021 until the present date, Plaintiff Campos has worked from approximately 2:00 p.m. until on or about 1:00 a.m., six days a week (typically 66 hours per week).

58.    Throughout his entire employment, Defendants have paid Plaintiff Campos his wages in cash.

59.    From approximately January 2019 until on or about February 2020, Defendants paid Plaintiff Campos $9.00 per hour.

60.    From approximately March 2021 until the present date, Defendants have paid Plaintiff Campos $650.00 per week.

61.    Although Defendants have granted Plaintiff Campos 30-minute meal periods, they constantly require him to work during these periods.

62.    Plaintiff Campos has not been required to keep track of his time, nor to his knowledge, have Defendants utilize any time tracking device such as punch cards, that accurately reflect his actual hours worked.

63.    No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Campos regarding overtime and wages under the FLSA and NYLL.

64.    Defendants have never provided Plaintiff Campos an accurate statement of wages, as required by NYLL 195(3).

65.    Defendants have never given any notice to Plaintiff Campos, in English and in Spanish (Plaintiff Campos's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Jesus Ramirez Salazar*

66.    Plaintiff Ramirez was employed by Defendants from approximately 2018 until on or about March 2020 and from approximately March 2021 until on or about August 2023.

67.    Defendants employed Plaintiff Ramirez as a food preparer.

68.    Plaintiff Ramirez regularly handled goods in interstate commerce, such as foods and other supplies produced outside the State of New York.

69.     Plaintiff Ramirez's work duties required neither discretion nor independent judgment.

70.     Throughout his employment with Defendants, Plaintiff Ramirez regularly worked in excess of 40 hours per week.

71.     From approximately January 2019 until on or about March 2020 and from approximately March 2021 until on or about August 2023, Plaintiff Ramirez worked from approximately 6:00 a.m. until on or about 4:00 p.m., Mondays through Saturdays (typically 60 hours per week).

72.     Throughout his entire employment, Defendants paid Plaintiff Ramirez his wages in a combination of check and cash.

73.     From approximately January 2019 until on or about March 2020 and from approximately March 2021 until on or about August 2023, Defendants paid Plaintiff Ramirez a fixed salary of $750.00 per week.

74.     Plaintiff Ramirez's pay never varied even when he was required to stay later or work a longer day than his usual schedule.

75.     For example, Defendants required Plaintiff Ramirez to work an additional hour past his scheduled departure time two days a week, and did not pay him any additional compensation for the extra time he worked.

76.     Plaintiff Ramirez was not required to keep track of his time, nor to his knowledge, did Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

77.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Ramirez regarding overtime and wages under the FLSA and NYLL.

78.     Defendants never provided Plaintiff Ramirez an accurate statement of wages, as required by NYLL 195(3).

79.     Defendants never gave any notice to Plaintiff Ramirez , in English and in Spanish (Plaintiff Ramirez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

81.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime and spread of hours pay as required by federal and state laws.

82.     Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they have been owed for the hours they have worked...

83.     Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, and resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

84.     Defendants have habitually required Plaintiffs to work additional hours beyond their regular shifts but have not provided them with any additional compensation.

85.     Defendants willfully have disregarded and purposefully have evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

86.     Plaintiffs have been paid their wages in cash or in a combination of check and cash.

87.     Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

88.     Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) have worked, and to avoid paying Plaintiffs properly for their full hours worked.

89.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

90.     Defendants' unlawful conduct is intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and other similarly situated current and former workers.

91.     Defendants have failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

92.     Defendants have failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by

the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

93.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

94.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

95.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

96.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

97.     At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of

their employment, and determined the rate and method of any compensation in exchange for their employment.

98.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

99.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

100.    In violation of 29 U.S.C. § 206(a), Defendants have failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate.

101.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

102.    Plaintiffs and the FLSA Class members have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

103.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

104.    Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

105.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation is willful within the meaning of 29 U.S.C. § 255(a).

106.    Plaintiffs and the FLSA Class members have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

107.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

108.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

109.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

110.    Defendants' failure to pay Plaintiffs the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

111.    Plaintiffs have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE NEW YORK STATE LABOR LAW

112.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

113.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

114.    Defendants' failure to pay Plaintiffs overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

115.    Plaintiffs have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR)

115.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

116.    Defendants have failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours have exceeded ten hours in violation of NYLL §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6.

117.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours have exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

118.    Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### (VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW)

119.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

120.    Defendants have failed to provide Plaintiffs with a written notice, in English, and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

121.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### (VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW)

122.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

123.    With each payment of wages, Defendants have failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

124.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wages, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the FLSA Class members;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the FLSA Class members;

(j)     Declaring that Defendants have violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs and the FLSA Class members;

(k)     Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order has been willful as to Plaintiffs and the FLSA Class members;

(m)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
        January 28, 2025

MICHAEL FAILLACE ESQ.

By:     _____/s/ Michael Faillace_____
        Michael Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200

Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*